JOANNE POWELL, administratrix,[1] *vs.* ESTHER K. STEVENS, trustee,[2] & another.[3]

No. 05-P-1280.

Suffolk. December 7, 2006. - May 17, 2007.

Present: PERRETTA, LAURENCE, & GRASSO, JJ.[4]

*Lis Pendens. Practice, Civil,* Motion to amend.

A Superior Court judge properly granted summary judgment in favor of the plaintiff on the defendant's counterclaim for slander of title founded on the plaintiff's filing of a lis pendens memorandum in connection with litigation affecting the title to certain real estate, where such filing lay within the absolute privilege afforded judicial proceedings. [89-91]

A Superior Court judge's order denying the defendants' motions to reconsider their requests to amend their counterclaims — made more than a year after the plaintiff's claims had been dismissed and over four years after the litigation commenced — was well within his discretion, where the motions lacked a substantial and convincing showing to justify the belated attempt to amend. [91-93]

CIVIL ACTION commenced in the Superior Court Department on March 2, 2000.

The case was heard by *Mitchell J. Sikora, Jr.,* J., on a motion for summary judgment, and motions for reconsideration were heard by him.

*Brooks L. Glahn* for the defendants.

*Lawrence P. Heffernan* for the plaintiff.

LAURENCE, J. This case presents an issue of first impression: does the filing of a lis pendens memorandum in connection with litigation affecting the title to real estate lie within the

---

[1]Of the estate of Mary Ann Cullinane.

[2]Of the Twenty Marlborough Street Trust.

[3]David P. Stevens (the son of Esther K. Stevens).

[4]Justice Laurence participated in the deliberation of this case and authored this opinion before his retirement.

absolute privilege afforded judicial proceedings in Massachusetts? We hold that it does and affirm a Superior Court judge's dismissal of a counterclaim for slander of title founded on such a filing.

*Brief background.* The plaintiff-administratrix, Joanne Powell, generally alleged in her March 2, 2000, complaint that her decedent had sold a certain property in 1986 to the defendant Esther K. Stevens (Stevens) for consideration of $430,000, taking back a promissory note and a $350,000 mortgage. The decedent apparently discharged the mortgage in August, 1993, but Stevens did not record the discharge until April 26, 1996, the very day the decedent died in Ireland. This suspicious circumstance led the administratrix to believe that the discharge had been fraudulently obtained and to sue the defendants for breach of contract, rescission, and various related causes of action. Simultaneously with the filing of the complaint, she obtained (pursuant to G. L. c. 184, § 15) an ex parte lis pendens that was recorded in the Suffolk County registry of deeds. Stevens and her son (who had guaranteed the original mortgage) answered and counterclaimed for slander of title by reason of the recording of the lis pendens.

The case was bifurcated, with the administratrix's claims being tried to a jury first. At the close of the administratrix's case, the defendants successfully moved for a directed verdict. (The correctness of the judgment that entered dismissing the administratrix's claims in May, 2003, is not at issue in this appeal). Shortly thereafter, the administratrix moved for summary judgment on the defendants' counterclaim for slander of title. A different judge allowed the motion and dismissed the counterclaim in April, 2004, on the ground that the filing of a lis pendens is absolutely privileged when the underlying action, as here, places in dispute title to the subject property. In June, 2004, the defendants each moved for reconsideration, arguing that leave should be granted allowing them to state claims for abuse of process and malicious prosecution and to recover fees (under G. L. c. 231, § 6F) incurred in defending against the administratrix's "frivolous" action that had not been brought in good faith. Treating the motions as ones to amend, the judge denied them, ruling that the motions were untimely and that allowing the post-judgment amendments would be both futile and inequitable. The defendants timely appealed.

*Discussion. The summary judgment.* We have previously acknowledged "the acumen and excellence of the work of our trial courts" that so frequently results in affirmances of appeals from their judgments. *Kirschbaum* v. *Wennett*, 60 Mass. App. Ct. 807, 809 (2004). As observed in *Ayala* v. *Union de Tronquistas de Puerto Rico*, 74 F.3d 344, 345 (1st Cir. 1996), when a trial court has produced a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate. Because the appeal before us presents an issue not previously addressed by an appellate decision in the Commonwealth, we are nonetheless constrained to write at some length. However, in so doing, we summarize the motion judge's analysis, which we adopt as our own.

In concluding that the filing of a lis pendens memorandum in connection with litigation affecting the title to real estate lies within the absolute privilege afforded judicial proceedings, the judge reviewed the law of numerous other jurisdictions.[5] As he explained, those jurisdictions have extended the absolute privilege accorded statements made in the course of litigation to include the filing of a lis pendens memorandum, provided the underlying action involves allegations affecting some ownership interest in the subject property. These courts have adopted or accepted one or more of the following rationales: (1) with few exceptions, any publication made in judicial proceedings enjoys an absolute privilege from subsequent claims of defamation; (2) the only purpose of recording a notice of lis pendens is to put prospective buyers on constructive notice of the pendency of the litigation; (3) the notice of lis pendens is purely incidental to the action in which it is filed, refers specifically to that action, and has no existence apart from that action; and (4) the recording of a notice of lis pendens is in effect a republication

---

[5]See *Zamarello* v. *Yale*, 514 P.2d 228, 230-232 (Alaska, 1973); *Procacci* v. *Zacco*, 402 So. 2d 425, 426-428 (Fla. Dist. Ct. App. 1981); *Woodcourt II Ltd.* v. *McDonald Co.*, 119 Cal. App. 3d 245, 249-251 (1981); *Dethlefs* v. *Beau Maison Dev. Corp.*, 511 So. 2d 112, 117-118 (Miss. 1987); *Hauptman* v. *Edwards, Inc.* 170 Mont. 310, 317 (1976); *Lone* v. *Brown*, 199 N.J. Super. 420, 427-429 (1985); *Superior Constr., Inc.* v. *Linnerooth*, 103 N.M. 716, 719-720 (1986) (majority opinion); *Brough* v. *Foley*, 572 A.2d 63, 66-68 (R.I. 1990); *Kropp* v. *Prather*, 526 S.W.2d 283, 286-287 (Tex. Civ. App. (1975); *Hansen* v. *Kohler*, 550 P.2d 186, 190 (Utah 1976).

of the proceedings in the action and is, therefore, accorded the same absolute privilege as any other publication in that action.

In the present instance, the judge correctly concluded that the lis pendens memorandum is a functional equivalent of and analogous to traditional litigation instruments, such as injunctions and attachments, rather than a separate or independent event. He also expressed the view, with which we agree, that the lis pendens memorandum serves an important litigation policy and institutional interest of the courts:

> "By provision of notice to prospective buyers, mortgagees, tenants, or users of real estate, it prevents further disputes and resulting claims and litigation from those parties who would have acted to purchase, to accept a security interest in, or to lease or use, the contested real estate if they had lacked notice of its prior involvement in litigation. The prevention of such unnecessary conflict and compounding lawsuits furnishes a strong practical purpose for the lis pendens. Exposure of the process to damages liability would tend to chill its use and to harm its purpose."

Further, as the judge noted, alternative remedies exist to right any harm such as that alleged by the defendants in their counterclaim for slander of title by means of the lis pendens device. For example, a party claiming aggrievement can now move for dissolution of the lis pendens and seek dismissal of the underlying claim if he or she believes that such claim is unjustified and frivolous, upon an expedited hearing and with entitlement to costs and reasonable attorney's fees if successful. See G. L. c. 184, § 15(c), added by St. 2002, c. 496, effective January 31, 2003. Additionally, damages are available for valid claims of slander of title, abuse of process, and malicious prosecution, without any need for resort to the lis pendens memorandum. For recovery of fees and costs incurred in defending against meritless actions constituting such torts, see G. L. c. 231, § 6F. As observed by the judge below, "A litigant abused by bad faith claims and the use of lis pendens for their prosecution is far from remediless. He does not need an additional or cumulative cause of action, especially one tending to inhibit the proper use of the lis pendens device."

For all the reasons set out by the motion judge in his memorandum of decision dated April 30, 2004, we see no error

in his conclusion that the administratrix was entitled to summary judgment on defendants' counterclaim.[6]

*The motions for reconsideration.* The defendants' contention that the judge abused his discretion in precluding them from amending their counterclaims and pursuing a claim under G. L. c. 231, § 6F, is without merit. They did not seek leave to amend until after judgment had been entered against them — more than a year after the administratrix's claims had been dismissed and over four years after the litigation commenced. The defendants presented no excuse for their failure to have amended earlier, do not suggest that they were unaware of these potential claims, and provide no pertinent authority in support of the allowance of amendments in these circumstances, in violation of their appellate obligation under Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Contrary to the defendants' bald assertion that the amendments would not have prejudiced the administratrix, the judge found that the prejudice involved, in the administratrix's being compelled to address these belated claims and to "undergo an entire new trial for a matter readily presentable at the original trial trial more than a year ago," would be "extraordinary."

---

[6]We observe that the summary judgment ruling could also be upheld for a reason not mentioned by the judge. See *Augat, Inc.* v. *Liberty Mut. Ins. Co.,* 410 Mass. 117, 120 (1991). The defendants acknowledge that in order to prevail on a slander of title claim, they must prove that the administratrix's statements were false. See *Dulgarian* v. *Stone,* 420 Mass. 843, 852 (1995). They have, however, failed to identify a single false statement in the administratrix's memorandum of lis pendens, which correctly described the nature of the complaint, the property affected, and the relief requested. On that ground alone summary judgment was proper.

We also observe, without deciding, that the defendants' counterclaim could have been made the subject of a special motion to dismiss under G. L. c. 231, § 59H (the "anti-SLAPP" statute), since the administratrix's procedurally proper resort to a legislatively created mechanism to protect third parties by alerting prospective purchasers of property to the pendency of litigation that put title to the property at issue plainly constituted petitioning activity as defined by that statute ("any written . . . statement made in connection with an issue under consideration . . . by a . . . judicial body"); and since it would have been impossible (on the motion judge's and our view of the applicable privilege) for the defendants to have carried their burden of demonstrating that the activity complained of was "devoid of any reasonable factual support or any arguable basis in law." *Fabre* v. *Walton,* 436 Mass. 517, 524 (2002).

Moreover, given the privileged nature of the lis pendens filing, the administratrix's claims were not "wholly insubstantial," as required by G. L. c. 231, § 6F. Compare *Hartford* v. *Hartford*, 60 Mass. App. Ct. 446, 451-454 (2004). Finally, the judge's holding that the doctrine of issue preclusion would bar the separate actions sought to be pursued by the defendants — which arose from the same operative facts as the defendants' primary defense, that the administratrix's suit was frivolous and pursued with bad motive — was legally sound, as was his discretionary conclusion that conducting a G. L. c. 231, § 6F, hearing so unconscionably long after the fact was impractical.[7]

The order denying the defendants' motions, which were made without a substantial and convincing showing to justify the belated attempt to amend, was thus well within the judge's discretion, which the defendants have failed to demonstrate (as was their heavy burden) was abused.[8] See e.g., *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 292 (1977);

---

[7]The judge's rationale was that G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1, contemplates a separate evidentiary hearing held promptly after the relevant finding, order, verdict, ruling, or judgment, as is inferrable from the language of the statute, which, although not requiring the motion to be made within a particular time, does require the judge to state "specific facts and reasons" on which any finding that the claims were "wholly insubstantial, frivolous, and not advanced in good faith" is based. As the motion judge cogently observed, "[t]he necessary time for such a hearing procedure comes immediately after the primary event of a verdict, ruling, or order. At that moment, the total circumstances of the case are full and fresh in the mind of the judge. The hearing can proceed efficiently and in continuity with the underlying proceeding. The judge can enter the [required] findings promptly. However, the Stevens parties did not request the trial judge (who directed a verdict in their favor) to conduct a prompt § 6F hearing. They cannot reasonably or feasibly do so now more than fourteen months later [and before a different judge]. Such a request would place an unreasonable burden upon the judge and the litigation process. It would utterly defeat the purpose and means contemplated by the statute." We agree.

[8]The judge's broad discretion in the circumstances was clear, whether the defendants' "motions for reconsideration" could be deemed motions to amend by adding claims, under Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), *Genesco, Inc.* v. *Koufman*, 11 Mass. App. Ct. 986, 990 (1981); or to alter or amend the judgment by allowing additional legal issues, under Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), *Eva-Lee, Inc.* v. *Thomson Gen. Corp.*, 5 Mass. App. Ct. 823, 823-824 (1977); or for relief from the judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974) (under which rule the judge's discretion extends to determining what is a "reasonable time" for filing such a motion), *Rezendes* v. *Rezendes*, 46 Mass. App. Ct. 438, 440-442 (1999). If the motions

Powell *v.* Stevens.

*Mathis* v. *Massachusetts Elec. Co.*, 409 Mass. 256, 264-265 (1991); *Leonard* v. *Brimfield*, 423 Mass. 152, 157, cert. denied, 519 U.S. 1028 (1996); *Herbert A. Sullivan, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 398-399 (2003); *Ben* v. *Schultz*, 47 Mass. App. Ct. 808, 811-812 (1999); *Massachusetts Eye & Ear Infirmary* v. *QLT Phototherapeutics, Inc.*, 412 F.3d 215, 231 (1st Cir. 2005), cert. denied, 126 S. Ct. 2292 (2006).

> *Judgment affirmed.*
>
> *Order denying motions for re-consideration affirmed.*

were characterized as ones under Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), based on mistake (on the ground, as claimed by Stevens in her motion, that the May, 2003, judgment dismissing the administratrix's complaint was erroneously entered, because the counterclaim remained unadjudicated, without compliance with Mass.R.Civ.P. 54[b], 365 Mass. 820 [1974], see *Long* v. *Wickett*, 50 Mass. App. Ct. 380 [2000]), Stevens would fare no better, because the one-year period established under rule 60(b) for filing such a motion had expired and could not be extended. *Owens* v. *Mukendi*, 64 Mass. App. Ct. 820, 823-824 (2005).