This appeal presents the question whether the Superior Court judge abused his discretion when he denied a motion for reconsideration filed by certain defendants who, having been dismissed from the case, sought an award of attorney's fees incurred in defense. We affirm.
Background. The underlying case arises from some well-publicized events involving the plaintiff, Chelsea Housing Authority (CHA), a public body. The fundamental ground of CHA's claims is that from 2001 to 2011, its executive director, Michael McLaughlin, allegedly engaged in systematic fraudulent activity, including secretly inflating his own salary and misappropriating funds dedicated for other uses. In October, 2014, CHA accordingly sued several of its former employees, including McLaughlin, former staff members, and auditors.
In the same complaint, however, CHA also sued former members of CHA's board of commissioners, five of whom are appellants here (board members). The claims against the board members were (1) breach of fiduciary duty for failing to oversee and to discover McLaughlin's actions, and (2) negligence regarding McLaughlin and CHA's operations.
The board members moved to dismiss on several grounds, arguing in essence that a public body such as CHA cannot bring such claims against its public board members and that, in any event, the board members were immune from suit under G. L. c. 121B, § 13. The board members apparently subsequently added the argument that they also were immune under G. L. c. 258.
In a decision entered on November 20, 2015, the judge ordered the dismissal of the claims against each of the former board members. The judge's thoughtful opinion agreed that the board members were immune from suit pursuant to G. L. c. 121B, § 13.[3] The judge also ordered the entry of a separate and final judgment pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974).
Board members' requests for attorney's fees. After judgment entered, the board members made two different, successive requests for attorney's fees, both of which were denied. The board members then moved for reconsideration of the denial of the second request, and it is the denial of the reconsideration motion that is the subject of this appeal. The sequence is as follows:
1. On January 14, 2016, fifty-five days after judgment entered, the board members filed a motion for fees under G. L. c. 231, § 6F. The order denying the motion entered on February 18, 2016. No appeal was taken from this denial.
2. On June 20, 2016, more than five months later, the board members filed yet another motion for attorney's fees, this time citing a different statute and theory, i.e., the Massachusetts Tort Claims Act, c. 258, § 2. The order denying this motion entered on July 12, 2016. No appeal was taken from this denial either.
3. On September 19, 2016, the board members filed a motion for reconsideration of the judge's order denying their second motion for fees, the motion based upon c. 258. The judge denied the motion for reconsideration on October 6, 2016, stating: "After review, denied for reasons stated in plaintiff's opposition memorandum."
Discussion. We review the judge's denial of a motion for reconsideration for abuse of discretion. See Audubon Hill S. Condominium Assn. v. Community Assn. Underwriters of America, Inc., 82 Mass. App. Ct. 461, 470-471 (2012). Passing the question whether any of the board members' fee requests were timely,[4] the judge did not abuse his discretion here for at least the following reasons. First, the motion for reconsideration was not based upon changed circumstances or a "particular and demonstrable error" in the original ruling. Id. at 470. Indeed, the board members did not address these standards for reconsideration in their motion before the trial court. Second, the board members' argument, which is based upon c. 258, fails even if it were before us on an initial motion, because the record demonstrates that the board members never satisfied the requirements of the statute. Chapter 258, § 2, sets forth a detailed process for a public official to obtain counsel under that section. The statute contemplates that "if a cause of action is improperly commenced against a public employee of the commonwealth alleging ... the negligent or wrongful act or omission of such employee, said employee may request representation by the public attorney of the commonwealth." G. L. c. 258, § 2, inserted by St. 1984, c. 279, § 1. The public attorney-i.e., the Attorney General-can then (1) represent the employee, provided that certain conditions are met, or (2) determine that a conflict of interest exists. It is only if the public attorney concludes that a conflict exists that the employee could be entitled to attorney's fees for outside counsel.
Here, the process contemplated by c. 258 was never initiated because the board members never requested representation by the Attorney General. Chapter 258 is therefore inapplicable on these facts.
Finally, we acknowledge that the board members' frustration with the claims brought against them is both evident and, to some degree, understandable. As the judge remarked in denying the first request for fees, the claims brought against the board members were not well considered. But the board members' frustration begs the question whether they have presented a meritorious appeal from a denial of a motion for reconsideration of a successive request for fees. They have not.
Order denying motion for reconsideration affirmed.

That statute, applicable to State housing authorities, provides in relevant part: "The members, employees, officers and agents of an operating agency shall not be liable as such on its contracts or for torts not committed or directly authorized by them ...." G. L. c. 121B, § 13, as appearing in St. 1983, c. 246.

As noted, the board members brought two separate fee requests. The first request, invoking G. L. c. 231, § 6F, was brought fifty-five days after the November 20, 2015, entry of the rule 54(b) judgment, well after the deadline for other postjudgment motions, such as a motion to alter or amend. In regards to § 6F, this court has stated that "the necessary time for such a hearing procedure comes immediately after the primary event of a verdict, ruling, or order. At that moment, the total circumstances of the case are full and fresh in the mind of the judge.... [An untimely request] would utterly defeat the purpose and means contemplated by the statute." Powell v. Stevens, 69 Mass. App. Ct. 87, 92 n.7 (2007) (motion for fees under G. L. c. 231, § 6F, not timely). See Ben v. Schultz, 47 Mass. App. Ct. 808, 811-813 (1999).
With respect to the second, successive motion for fees, invoking G. L. c. 258, the filing was even less timely, occurring more than five months after the board members' first motion for fees. The board members offered no reason why they could not have advanced all of the purported grounds for a fee award simultaneously, or why the judge should take up a successive motion for fees filed seven months after judgment entered.