NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporters@sjc.state.ma.us

19-P-1454 Appeals Court

 CORINNA von SCHÖNAU-RIEDWEG & another1 vs. CONTINUUM ENERGY
 TECHNOLOGIES, LLC, & others.2

 No. 19-P-1454.

 Suffolk. July 15, 2020. - September 30, 2020.

 Present: Blake, Sacks, & Ditkoff, JJ.

Rules of Civil Procedure. Practice, Civil, Costs, Attorney's
 fees, Affidavit.

 Civil action commenced in the Superior Court Department on
December 27, 2012.

 Following review by this court, 95 Mass. App. Ct. 471
(2019), a motion for fees, costs, and expenses was heard by
Mitchell H. Kaplan, J.

 A. Neil Hartzell for the defendants.
 Philip A. O'Connell, Jr., for the plaintiffs.

 SACKS, J. A Superior Court judge ruled that the defendants

had waited too long to file their motion for an award of

 1 Ebur Investments, LLC.

 2 John Preston; C Change Investments, LLC; and Michael
Porter.
 2

sanctions against the plaintiffs, in the form of fees, costs,

and expenses, pursuant to Mass. R. Civ. P. 11 (a), as amended,

456 Mass. 1401 (2010) (rule 11 [a]), and Mass. R. Civ. P.

56 (g), 365 Mass. 824 (1974) (rule 56 [g]). The judge concluded

that the motion, filed more than a year after the defendants

obtained a fifty-three page summary judgment ruling against the

plaintiffs, would unreasonably require him to reimmerse himself

in "the details of the extraordinarily prolix summary judgment

record" in order to determine the defendants' entitlement to

sanctions. On the defendants' appeal, and without addressing

whether the motion was otherwise meritorious, we conclude that

the judge did not abuse his discretion in denying the motion on

this ground.

 Background. The circumstances giving rise to the

underlying litigation are described in Von Schönau-Riedweg v.

Rothschild Bank AG, 95 Mass. App. Ct. 471 (2019), and need not

be repeated here. It suffices to say that in June of 2016,

after reviewing a "massive record," id. at 498, the judge issued

a "thoughtful and exhaustive" summary judgment decision, id. at

497, which resolved in the defendants' favor all claims against

them with the exception of certain claims against one defendant,

John Preston, id. at 473. After those remaining claims were

resolved in Preston's favor through a supplemental summary

judgment motion, and a jury trial before a different judge, the
 3

plaintiffs appealed. They challenged the June 2016 summary

judgment ruling, as well as an earlier order dismissing another

defendant. Id. We vacated the earlier dismissal but otherwise

affirmed the judgment. Id. at 498-499.

 More than a year after the judge had issued the summary

judgment ruling, and while the plaintiffs' appeal was pending,

the defendants filed a motion for sanctions under G. L. c. 231,

§ 6F (§ 6F); rule 11 (a); and rule 56 (g).3 The motion asserted

that the plaintiffs' claims "were wholly insubstantial,

frivolous and were not advanced in good faith." The motion was

supported by a twenty-page memorandum and an affidavit attaching

nearly 600 pages of exhibits.4 The judge denied the motion on a

variety of grounds, of which we need discuss only one:

timeliness.

 3 The sanctions motion was directed primarily against the
claims resolved on summary judgment, but it also discussed
certain claims dismissed by a different judge in 2013. In
ruling on the sanctions motion, the judge declined to address
those earlier-dismissed claims. On appeal, the defendants make
no separate argument as to those claims, and we do not discuss
them further.

 4 The voluminous exhibits all related to the merits of the
sanctions motion; they did not include documentation of the
amounts of fees and costs the defendants would seek to recover
if the motion were granted. We make this observation to
indicate only the complexity of the motion's merits, not to
suggest that in these circumstances the motion also should have
addressed the amounts sought prior to obtaining a decision that
sanctions were warranted.
 4

 Discussion. The judge's ruling relied on our decision in

Powell v. Stevens, 69 Mass. App. Ct. 87 (2007), which affirmed

the denial on timeliness grounds of a sanctions request under

§ 6F. In Powell, the defendants had waited for more than one

year after the plaintiff's claims were dismissed, and until

after resolution of the defendants' counterclaim, before filing

their § 6F sanctions motion for the costs of defending against

the plaintiff's assertedly frivolous claims. Id. at 88. We

affirmed a judge's denial of that motion based on "his

discretionary conclusion that conducting a G. L. c. 231, § 6F,

hearing so unconscionably long after the fact was impractical."

Id. at 92.

 In Powell we agreed with the judge's rationale that § 6F

"contemplates a separate evidentiary hearing held promptly after

the relevant finding, order, verdict, ruling, or judgment, as is

inferable from the language of the statute, which, although not

requiring the motion to be made within a particular time, does

require the judge to state 'specific facts and reasons' on which

any finding that the claims were 'wholly insubstantial,

frivolous, and not advanced in good faith' is based." Id. at 92

n.7. We quoted with approval the judge's further analysis:

 "[T]he necessary time for such a hearing procedure comes
 immediately after the primary event of a verdict, ruling,
 or order. At that moment, the total circumstances of the
 case are full and fresh in the mind of the judge. The
 hearing can proceed efficiently and in continuity with the
 5

 underlying proceeding. The judge can enter the [required]
 findings promptly. However, the [defendants] did not
 request the trial judge (who directed a verdict in their
 favor) to conduct a prompt § 6F hearing. They cannot
 reasonably or feasibly do so now more than fourteen months
 later [and before a different judge]. Such a request would
 place an unreasonable burden upon the judge and the
 litigation process. It would utterly defeat the purpose
 and means contemplated by the statute."

Id.

 In the present case, the judge concluded that much of the

reasoning in Powell applied to the defendants' sanctions

request. The judge of course recognized that (unlike in Powell)

he had earlier issued the ruling on the merits of the claims at

issue. He thus recounted that he had issued a fifty-three page

summary judgment decision in June of 2016. He stated:

 "To issue that decision, the court reviewed literally
 hundreds of pages of statements of purportedly undisputed
 facts and tens of thousands of pages of supporting
 evidentiary materials, as well as multiple memoranda of
 law. This task was made more difficult by the . . .
 [d]efendants['] decision to file separate, stand alone
 motions, statements of fact and memoranda of law, although
 they were all represented by the same defense counsel. The
 pending § 6F/Rule 11 motions were filed with the court on
 July 28, 2017, more than a year after the . . .
 [d]efendants received the [summary judgment d]ecision. By
 that time, the circumstances of the case, including the
 details of the extraordinarily prolix summary judgment
 record, were no longer 'full and fresh' in the mind of this
 judge."

He concluded that "[t]his is adequate reason in itself to deny

the [defendants'] motion." He noted that although Powell had

addressed only § 6F motions, its timeliness reasoning was
 6

"equally applicable to motions filed under [r]ule 11 and [r]ule

56(g)."

 In this appeal, although the defendants do not and could

not seek review of the judge's § 6F ruling,5 they contend that

his timeliness rationale does not properly extend to requests

for sanctions under either rule 11 (a) or rule 56 (g). We are

not persuaded.

 1. Rule 11 (a). We review a judge's decision on a rule

11 (a) sanctions motion for abuse of discretion. Van Christo

Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 417 (1998). A

judge faced with a motion under rule 11 is "entitled to consider

the untimeliness of the motion[,] . . . [its] effect upon the

reasonable expectation of a party to have a case efficiently

adjudicated, and the imposition on the court . . . ." LoCicero

v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 344 (1988)

(upholding denial of motion on these grounds as within judge's

discretion). Although LoCicero involved a motion to withdraw an

attorney's appearance under Mass. R. Civ. P. 11 (c), as amended,

456 Mass. 1401 (2010), rather than a motion for sanctions under

 5 An appeal from a Superior Court judge's decision on a § 6F
motion lies to a single justice of this court, not to a panel.
See G. L. c. 231, § 6G; Danger Records, Inc. v. Berger, 444
Mass. 1, 8 (2005). The defendants did not seek review from a
single justice.
 7

rule 11 (a), similar considerations apply in the sanctions

context.

 Rule 11 contains no express time limitations on sanctions

motions, and -- like the other rules of civil procedure -- the

rule "should be construed, administered, and employed by the

court and the parties to secure the just, speedy, and

inexpensive determination of every action and proceeding."

Mass. R. Civ. P. 1, as amended, 474 Mass. 1402 (2016). Those

principles support a judge's authority to consider whether a

request for rule 11 (a) sanctions has been so delayed as to

impose an unreasonable burden on the court.6 Cf. Society of

 6 In the absence of additional decisions under our rule 11,
we would ordinarily look to "the construction given to the pre-
1983 version of Fed. R. Civ. P. 11," the text of which was
"virtually identical" to our own rule. Van Christo Advertising,
Inc., 426 Mass. at 414. But the parties have not cited, nor
have we found, any Federal decisions from the relevant period
discussing time limits on requests for rule 11 sanctions. We
note that under the Federal rule as amended in 1983, it was held
that "a party should make a Rule 11 motion within a reasonable
time." Muthig v. Brant Point Nantucket, Inc., 838 F.2d 600, 604
(1st Cir. 1988), abrogated on other grounds, Cooter & Gell v.
Hartmarx Corp., 496 U.S. 384, 405-409 (1990). That a rule 11
sanctions motion may be resolved "after the principal suit has
been terminated," Metrocorps, Inc. v. Eastern Mass. Jr. Drum &
Bugle Corps Ass'n, 912 F.2d 1, 3 (1st Cir. 1990), quoting Cooter
& Gell, supra, hardly suggests that a court is obliged to
consider defendants' sanctions motion more than one year after
they obtain summary judgment on nearly all claims against them.
Although no language in the 1983 amendments to the Federal Rules
of Civil Procedure required it, the drafters stated their
expectation that "[a] party seeking sanctions should give notice
to the court and the offending party promptly upon discovering a
basis for doing so." Advisory Committee Note to 1983 Revision
to Fed. R. Civ. P. 11, 97 F.R.D. 165, 200 (1983). The current
 8

Jesus of New England v. Boston Landmarks Comm'n, 411 Mass. 754,

756-757 (1992) (absent any "specific Massachusetts procedural

rule regarding the timely filing of a petition for attorneys'

fees," determination of timeliness was "within the discretion of

[the] court"); Tilman v. Brink, 74 Mass. App. Ct. 845, 855 n.22

(2009) (same).

 In determining here that the defendants' delayed motion

imposed an unreasonable burden, the judge did not abuse his

discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27

(2014) (abuse of discretion consists of "clear error of judgment

in weighing" factors relevant to decision, such that decision

falls outside range of reasonable alternatives [citation

omitted]). The defendants' motion asked the judge to find, as

to numerous pleadings, motions,7 and other papers filed with the

court, that plaintiffs' counsel had no "subjective good faith

belief that the [filings were] supported in both fact and law."

Van Christo Advertising, Inc., 426 Mass. at 416. Despite their

arguments to the contrary, the defendants' motion called on the

Federal rule contains procedural requirements that effectively
make a sanctions motion after the claim has been decided
ineffective. See Fed. R. Civ. P. 11(c)(2).

 7 "The provisions of rule 11 (a) are also applied to motions
and other papers by virtue of Mass. R. Civ. P. 7 (b) (2), 365
Mass. 748 (1974)." Van Christo Advertising, Inc., 426 Mass. at
414.
 9

judge to review substantial portions of the plaintiffs' verified

third amended complaint -- a ninety-page, 286-paragraph document

-- as well as 500 pages of other exhibits.

 The defendants' argument that the judge would have been

required to undertake only "a discrete analysis narrowly

focused" on the question of counsel's good faith is belied by

the volume of the summary judgment record, the complexity of the

judge's fifty-three page, "thoughtful and exhaustive" summary

judgment ruling, and the heft of the defendants' motion and

attachments.8 Von Schönau-Riedweg, 95 Mass. App. Ct. at 497. We

owe substantial deference to the judge's eminently reasonable

determination that by the time the defendants moved for

sanctions, the circumstances of the case were no longer "full

and fresh" in his mind, Powell, 69 Mass. App. Ct. at 92 n.7, and

that the defendants' delay had prejudiced his ability to resolve

the issue efficiently, necessitating a major commitment of

judicial resources with limited benefit to the administration of

justice, and risking an erroneous resolution in light of the

passage of time.

 8 The defendants' intimation that their case for sanctions
was clearcut is also belied by the judge's determination, as an
alternative ground for denying the § 6F portion of the
defendants' motion, that plaintiffs' counsel had not acted in
bad faith by advancing certain arguments in opposition to the
defendants' statute of limitations defense.
 10

 Although not every request for rule 11 (a) sanctions will

necessitate an evidentiary hearing and detailed findings,

compare Powell, 69 Mass. App. Ct. at 92 n.7 (discussing § 6F

requirements), there are some circumstances in which such a

hearing (if requested) and findings are required. See Psy-Ed

Corp. v. Klein, 459 Mass. 697, 722 (2011). In a complex and

long-running dispute like this one, the interests of justice

would not be served by the simple entry of a summary finding of

bad faith, such as the defendants here suggest would have

sufficed.9 Compare Cahaly v. Benistar Prop. Exch. Trust Co., 85

Mass. App. Ct. 418, 419-420, 428 (2014) (after second trial of

long-running dispute, judge conducted eight-day evidentiary

hearing on sanctions motion, adopted most of parties' stipulated

facts, and made comprehensive additional findings of fact; on

appeal, court remanded for resolution of additional factual

issues related to nonmoving party's good faith). The judge

acted within his discretion in considering these factors.

 The defendants nevertheless assert that their sanctions

motion filed more than a year after the summary judgment ruling

was indeed filed "within a reasonable time," because in the

 9 The defendants insist that the relief they seek would not
"require any court to make new factual findings based upon a
reevaluation of the summary judgment record. . . . The only
additional factual findings necessary concern the amount of fees
and costs to be recovered by the . . . [d]efendants."
 11

interim their counsel had been busy dealing with the remaining

claims against Preston. Assuming arguendo that this argument

was presented to the judge and thus not waived,10 he did not

abuse his discretion in rejecting it. The summary judgment

ruling came in June of 2016; the claims against Preston were

resolved by November of 2016. We are doubtful that ongoing

proceedings regarding nonfrivolous claims11 made it reasonable

for the defendants to delay their sanctions motion regarding

assertedly frivolous claims. To the contrary, the prompt filing

of such a motion, if sufficiently well-grounded, might deter

future frivolous claims or positions in the litigation. In any

event, even if the judge had agreed that the defendants were

simply too busy to seek sanctions until after the Preston claims

were resolved, the defendants offer no explanation of why, once

that occurred and final judgment entered, they waited six

additional months to serve their sanctions motion.

 10Although the plaintiffs' opposition to the sanctions
motion began with a detailed argument that it was untimely,
nothing in the record indicates that the defendants responded,
or sought to respond, to this point before the judge ruled on
the motion.

 11The sanctions motion did not focus particularly on the
eight claims against Preston that survived the June 2016 summary
judgment ruling, two of which were disposed of by a subsequent
motion and six of which went to trial. The defendants do not
argue that they waited to file their sanctions motion so that it
could encompass the plaintiffs' assertion and pursuit of these
ultimately unsuccessful claims.
 12

 The defendants do not argue that they were led to believe

that they could or should so delay their motion, or that they

were unfairly surprised by the judge's determination that the

motion was untimely. We nevertheless observe as a general

matter that if a party contemplating a request for sanctions in

a complex, multiphase case such as this one is uncertain whether

sanctions should be sought promptly after the offending conduct,

or whether instead it would be more efficient to seek them at

some later stage of the litigation, the party may seek the

judge's guidance on the matter.

 2. Rule 56 (g). For similar reasons, we see no abuse of

discretion in the judge's conclusion that the request for

sanctions under rule 56 (g) was untimely. That rule provides:

 "Should it appear to the satisfaction of the court at any
 time that any of the affidavits presented pursuant to this
 rule are presented in bad faith or solely for the purpose
 of delay, the court shall forthwith order the party
 employing them to pay to the other party the amount of the
 reasonable expenses which the filing of the affidavits
 caused him to incur, including reasonable attorney's fees,
 and any offending party or attorney may be adjudged guilty
 of contempt" (emphasis added).

The few reported decisions discussing our rule 56 (g) have not

addressed what time limits, if any, apply to a request for

sanctions under the rule.12

 12See Vaught Constr. Corp. v. Bertonazzi Buick Co., 371
Mass. 553, 562 (1976); Allen v. Selectmen of Belmont, 58 Mass.
App. Ct. 715, 716 n.4 (2003); Miaskiewicz v. Le Tourneau, 12
Mass. App. Ct. 880, 881 (1981); Community Nat'l Bank v. Loumos,
 13

 The defendants contend that the rule's use of the phrase

"at any time" indicates that there is no time limit on assessing

sanctions. This literal interpretation cannot be correct.

Surely the rule does not envision a request for sanctions, or

their sua sponte imposition by a judge, years after the entry of

final judgment. The principles of interpretation from Mass. R.

Civ. P. 1 apply here as well: rule 56 (g) "should be construed,

administered, and employed by the court and the parties to

secure the just, speedy, and inexpensive determination of every

action and proceeding." Mass. R. Civ. P. 1. The phrase "at any

time" recognizes that it may not be immediately apparent that an

affidavit was presented in bad faith or solely for the purposes

of delay. If, for example, this became apparent only when the

affiant testified at trial, the judge would have the authority

to take remedial action at that point.13 The phrase cannot be

6 Mass. App. Ct. 830, 831-832 (1978). Cases interpreting the
analogous Federal rule, Fed. R. Civ. P. 56(h), do not provide
clear guidance, as that rule does not contain the "at any time"
language relied upon by the defendants here, and, since the 2010
amendments to that rule, sanctions are explicitly discretionary.
See Advisory Committee Note to 2010 Amendments to Fed. R. Civ.
P. 56.

 13Sanctions were awarded in just this scenario in Rogers v.
AC Humko Corp., 56 F. Supp. 2d 972, 979-981 (W.D. Tenn. 1999).
In another Federal case, after a motion for summary judgment was
initially denied and discovery was reopened, key affidavits were
determined to be false, the judge reconsidered his earlier
ruling and ordered summary judgment and, in the same decision,
he imposed sanctions for filing the affidavits in bad faith.
See Trustees of Plumbers & Steamfitters Local Union No. 43
 14

interpreted to permit an adverse party to sit on its claim that

an affidavit was sanctionable under rule 56 (g), without

explanation, all the while allowing the judge to expend needless

effort.

 Moreover, the phrase "[s]hould it appear to the

satisfaction of the court at any time" necessarily implies that

a judge has some discretion in determining whether affidavits

meet the rule's standard for sanctions. A judge who is or has

just been immersed in the process of ruling on a motion for

summary judgment may more efficiently and accurately "satisf[y]"

himself whether affidavits meet rule 56 (g) standards than a

judge who -- like the judge here -- has not reviewed the summary

judgment record, or issued any other substantive ruling in the

case, for more than a year. A judge who is presented with an

inexplicably delayed motion, and who is not satisfied upon an

initial review of the motion that sanctions are warranted, is

not required to undertake a deep dive into the motion's hundreds

of pages of supporting materials.

 In addition, rule 56 (g) directs that, if affidavits

submitted in connection with a summary judgment motion are

presented in bad faith or solely for the purpose of delay,

sanctions be imposed "forthwith." This suggests that, for the

Health & Welfare Fund v. Crawford, 573 F. Supp. 2d 1023, 1027,
1033, 1036, 1039-1040 (E.D. Tenn. 2008).
 15

rule to function as intended, sanctions should follow closely

upon the discovery of the offending conduct. A similar

implication may be drawn from the rule's language limiting

sanctions to the injured party to "the amount of the reasonable

expenses which the filing of the affidavits caused him to incur,

including reasonable attorney's fees." Determining what portion

of a party's costs and fees are attributable to the filing of

particular affidavits, as distinct from the costs of the summary

judgment and any subsequent proceedings as a whole, can most

efficiently be done close in time to those proceedings, and may

become more difficult as those proceedings recede into the past.

 It was therefore within the judge's discretion to determine

that the request for rule 56 (g) sanctions had not been made

within a reasonable time. The defendants nevertheless protest

that, even if a reasonable time limit may be imposed, they did

move, promptly upon receiving the plaintiffs' summary judgment

opposition materials, to strike portions of two of plaintiffs'

affidavits on various grounds. The judge determined that some

of the defendants' objections were well-founded. Had those

motions to strike asked the judge to award sanctions under rule

56 (g), or even to determine that the affidavits in question

were "presented in bad faith or solely for the purpose of

delay," matters might stand differently now. But the motions to
 16

strike did neither of these things.14 Nor did the judge, at the

summary judgment stage or in denying the defendants' sanctions

motion, ever make the finding of bad faith or delay necessary to

support rule 56 (g) sanctions.15

 Indeed, the defendants' sanctions motion did not even ask

the judge to make such a determination. Their motion mentioned

rule 56 (g) only in passing, lumping it together in one sentence

with § 6F and rule 11 (a), and referring to it in fragments of

two other sentences in the course of a twenty-page memorandum.

Nearly all of the rule 56 (g) arguments they make on appeal were

 14Although cases under the analogous Federal rule 56(h) are
not controlling, see note 12, supra, it is nevertheless
instructive that under that rule, sanctions for affidavits
submitted in bad faith or for delay have typically been sought
before, and awarded together with, the ruling on the summary
judgment motion to which the affidavits relate, rather than at
some later stage of the litigation. In some of those cases,
sanctions were sought as part of a motion to strike. See Nuzzi
v. St. George Community Consol. Sch. Dist. No. 258, 688 F. Supp.
2d 815, 831-835 (C.D. Ill. 2010); United States v. Nguyen, 655
F. Supp. 2d 1203, 1208-1210 (S.D. Ala. 2009). Even absent a
motion to strike, sanctions are typically awarded at the same
time as the summary judgment ruling. See Mifflinburg Tel., Inc.
v. Criswell, 277 F. Supp. 3d 750, 759, 762, 807-808 (M.D. Pa.
2017); SMS Assocs. v. Clay, 868 F. Supp. 337, 344 (D.D.C. 1994),
aff’d without opinion, 70 F.3d 638 (D.C. Cir. 1995); Warshay v.
Guinness PLC, 750 F. Supp. 628, 640-641 (S.D.N.Y. 1990), aff'd
without opinion, 935 F.2d 1278 (2d Cir. 1991); Barticheck v.
Fidelity Union Bank/First Nat'l State, 680 F. Supp. 144, 150
(D.N.J. 1988); Acrotube, Inc. v. J.K. Fin. Group, Inc., 653
F. Supp. 470, 475, 477-478 (N.D. Ga. 1987).

 15Nor, despite the defendants' repeated assertions to the
contrary in their brief and reply brief, did the judge ever find
that the affidavits were "false." Such mischaracterizations of
the decision at issue hinder the appellate process.
 17

never made to the judge. In these circumstances, although we

need not decide the point, we could easily conclude that the

defendants "did not sufficiently raise the issue below and [are]

therefore barred from raising it on appeal." Boss v. Leverett,

484 Mass. 553, 562 (2020).

 Order denying motion for
 sanctions affirmed.