IANNUZZI vs. BONDI-PICKLES, MISC 17-000564

































 
 RALPH IANNUZZI; ANN IANNUZZI; CHRISTINE ASSAD, formerly known as Christine Healy; and GREGORY MESSINA, Plaintiffs/Counterclaim-Defendants, v. DIANE BONDI-PICKLES, et al., Defendants, and FREDERICK E. SEVERANCE and ANN SEVERANCE, Defendants/Counterclaim-Plaintiffs/Cross-claim Plaintiffs, and JONATHAN KEITH and KRISTEN HATCHER KEITH, Defendants/Cross-claim Defendants
 MISC 17-000564 
 JULY 15, 2021
PLYMOUTH, ss.
VHAY, J.
DECISION AND ORDER














 Having reviewed the parties' briefs and other submissions, the Court GRANTS plaintiffs/ counterclaim-defendants Ralph Iannuzzi and Ann Iannuzzi's special motion under G.L. c. 231, § 59H (the "anti-SLAPP statute") to dismiss defendant/counterclaim-plaintiff Ann Severance's Counterclaim Count III, filed January 26, 2021. (The Court treats defendants/cross-claim defendants' Jonathan and Kristen Hatcher Keith's similar motion to dismiss Ms. Severance's Counterclaim IV as having been withdrawn, following the Keiths' assent to dismissal of that counterclaim.) 





 To prevail on a special motion to dismiss, the movant "must make a threshold showing through pleadings and affidavits that the claims against it 'are "based on" the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.'" Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141 , 147 (2017), quoting Fustolo v. Hollander, 455 Mass. 861 , 865 (2010). See also Blanchard, 477 Mass. at 155 (in making the threshold showing, the movant "take[s] the adverse complaint as it finds it"). The Court thus turns to Ms. Severance's allegations in her Counterclaim Count III, "Slander of Title." Taking the allegations of that counterclaim as broadly as reasonably possible (that is, looking at not only the allegations listed specifically under Counterclaim Count III, but also the allegations that counterclaim incorporates by reference, to the extent one can reasonably construe the latter allegations as relating to statements made by any of the plaintiffs), Severance alleges this: she owns a property at 20 Front Street in Marion, MA. According to ¶ 23 of her counterclaim, the Iannuzzis "have made false or disparaging statements concerning Ann Severance's right, title or interest in" 20 Front Street. Paragraph 23 provides no additional information about those statements. Earlier in the counterclaim, ¶ 16 alleges that the Iannuzzis have engaged in "ongoing improper gathering and dissemination of private information about the Severances," but the Court cannot reasonably interpret the phrase "private information" as including information that's rather public about Severance's title to 20 Front Street. Paragraph 18 of the counterclaim further alleges that the Iannuzzis have hired "private security guards that demand identification from the Severances' guests," but the Court cannot reasonably infer from that allegation that the Iannuzzis have published to the guards, or that the guards have published in turn, defamatory statements about Severance's title to 20 Front Street. 





 The first time Counterclaim Count III mentions publication of an allegedly defamatory statement is in its ¶ 24. There Ms. Severance alleges that Plaintiffs have published defamatory statements "in a lis pendens notice publicly filed in the Plymouth Registry of Deeds; and in their Verified Complaint, their Amended and Supplemental Verified Complaint, and [their] Second Amended Verified Complaint, all part of the Court's public record in this case." Paragraph 25 of the counterclaim identifies with greater particularity an alleged false statement in Plaintiffs' Amended and Supplemental Verified Complaint. Paragraphs 26 and 27 identify two more allegedly false statements, and gives the same three dates of publication for each statement. Each date corresponds, however, to the date of a pleading filed by Plaintiffs in this case, and ¶ 24 identifies each of those pleadings. 





 The allegations summarized above show that Ms. Severance's claims against the Iannuzzis in Counterclaim Count III are based on the Iannuzzis' petitioning activities alone. Section 59H defines "a party's exercise of its right of petition" as including "any written . . . statement . . . submitted to a . . . judicial body . . . ; any written . . . statement made in connection with an issue under consideration . . . by a . . . judicial body . . .; [and] any statement reasonably likely to encourage consideration . . . by a . . . judicial body . . . ." "Commencement of litigation is quintessential petitioning activity." 477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514 , 520 (2019). According to Rule 3, Mass. R. Civ. P., one "commences" litigation through the filing of a complaint. Hence, Plaintiffs' filing of their Verified Complaint and their amended complaints is petitioning activity. The same is true of their obtaining a judicially endorsed memorandum of lis pendens. See Powell v. Stevens, 69 Mass. App. Ct. 87 , 91 n.6 (2007) (observing, without deciding, that seeking endorsement of a memorandum of lis pendens "plainly constitute[s]" petitioning activity under the anti-SLAPP statute). 





 Since the Iannuzzis have made the threshold showing under Blanchard, that Ms. Severance's Counterclaim Count III is based on the Iannuzzis' petitioning activities alone, "the burden shifts to the non-moving party . . . to demonstrate that at the second stage that the anti-SLAPP statute . . . does not require dismissal of [the non-moving party's] claims." 477 Harrison, 483 Mass. at 516. Severance can meet her burden in two ways. She "may first establish 'by a preponderance of the evidence that the [special movant] lacked any reasonable factual support or any arguable basis in law for its petitioning activity,' and that the petitioning activity caused the nonmoving party 'actual injury' - i.e., that its petitioning activity is illegitimate." Blanchard, 477 Mass. at 168, quoting Baker v. Parsons, 434 Mass. 543 , 553-554 (2001). Severance hasn't opted to take this first route. That leaves her with the second: she must present evidence sufficient for the court to "conclude with fair assurance" that Counterclaim Count III is "(a) colorable, and (b) not brought with the 'primary motivating goal' of chilling the [Iannuzzis'] exercise of [their] petitioning rights, i.e. that [the counterclaim] was not retaliatory." 477 Harrison, 483 Mass. at 522-523. In deciding whether Severance has met her burden, this Court 





 is to assess the totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim. The course and manner of proceedings, the pleadings filed, and affidavits "stating the facts upon which the liability or defense is based," may all be considered in evaluating whether the claim is a "SLAPP" suit. A necessary but not sufficient factor in this analysis will be whether the nonmoving party's claim at issue is "colorable or . . . worthy of being presented to and considered by the court," i.e., whether it "offers some reasonable possibility" of a decision in the party's favor.





Blanchard, 477 Mass. at 160-161 (citations and footnote omitted), quoting c. 231, § 59H; Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156 , 161-162 (1998); L.B. v. Chief Justice of Probate & Family Court Dept., 474 Mass. 231 , 241 (2016); and Commonwealth v. Levin, 7 Mass. App. Ct. 501 , 504 (1979). 





 The Court summarized earlier Counterclaim Count III's allegations. They identify as defamatory only Plaintiffs' pleadings and an endorsed lis pendens memorandum. Such materials are absolutely privileged and immune from defamation claims. See Powell, 69 Mass. App. Ct. at 87-88. See also Correllas v. Viveiros, 410 Mass. 314 , 319 (1991) ("Statements made in the course of a judicial proceeding which pertain to that proceeding are . . . absolutely privileged and cannot support a claim of defamation, even if uttered with malice or in bad faith."). On June 28, 2021, after hearing argument from the parties, this Court dismissed Counterclaim Count III under Rule 12(b)(6), Mass. R. Civ. P., on the grounds that, as pleaded, the counterclaim contains no colorable claim whatsoever, as Plaintiffs' allegedly defamatory statements are privileged. So nothing in Ms. Severance's answer and counterclaims, standing alone, rescues her from liability under the anti-SLAPP statute. 





 Does losing a Rule 12(b)(6) motion brought in conjunction with the Iannuzzis' anti SLAPP motion mean that Ms. Severance automatically loses the latter motion too? Not necessarily. In considering the former motion, the trial court's analysis is confined to the facts that appear in the pleadings. See 477 Harrison, 483 Mass. at 522 n. 3. By contrast, in the face of an anti-SLAPP motion, Blanchard allows the non-moving party to make her second-stage showing by going beyond the pleadings, and presenting through affidavits background facts that for whatever reason didn't make it into the non-movant's pleadings. See Blanchard, 477 Mass. at 156, n. 20. And Severance has filed such an affidavit. Unfortunately, that affidavit adds very little to the picture of the circumstances surrounding the filing of Counterclaim Count III. Severance accuses a private security guard of "harassing" persons walking on Shellheap Road, but she doesn't accuse that guard of spreading false title information. She describes the Iannuzzis and others meeting to negotiate stipulations regarding the use of Shellheap Road, but doesn't say that they shared false (and unprivileged) information about her title. Severance's affidavit mentions "slander of title" only twice: once in connection with Plaintiffs' filing of their lis pendens memorandum, and once in the last paragraph of her affidavit, when she concludes that the actions of the Iannuzzis "have resulted in a slander on the title to the property at 20 Front Street." The Court holds that the additional facts presented by Ms. Severance provide no evidence of a reasonable possibility of a decision in Severance's favor on Counterclaim III. 





 The Court thus GRANTS the Iannuzzis' special motion to dismiss Counterclaim Count III. The Court ORDERS the Iannuzzis to file by July 28, 2021 a motion for any relief under the anti-SLAPP statute beyond dismissal of Counterclaim Count III. Should the Iannuzzis seek an award of attorney's fees, they must provide by July 28, 2021 a sufficient factual basis for such an award. 





SO ORDERED. 






 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.