SUPERIOR COURT 
 
 MICHAEL GERHARDT AND LAUREN SEAVERNS v. ROBERT S. BURR; COLLEGE STREET PARTNERS, LLC; 140 COMMONWEALTH AVENUE – DANVERS, LLC; AND HAWTHORNE HILL DEVELOPMENT LLC

 
 Docket:
 2184CV01017-BLS2
 
 
 Dates:
 February 20, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING ROBERT BURR’S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT
 
 

 Eight months ago, in June 2024, the Court allowed a motion by Michael Gerhardt and Lauren Seaverns for partial summary judgment, denied Defendants’ motion for summary judgment, and held that Robert Burr was liable for breaching the parties Participation Agreements. Six weeks ago, the Court conducted a two-day, jury-waived trial as to the damages that Burr must pay to remedy his breach of contact.[1] Eight days ago, the Court issued its written findings as to damages and ordered the entry of final judgment. Six days ago, the session clerk entered final judgment and sent it to the parties.
Now, after this litigation had concluded and final judgment was entered, Mr. Burr has filed what he styled as an “emergency” motion asking the Court to “reevaulate” its summary judgment decision. This is a motion for reconsideration, and the Court will treat it as such.
The sole basis for Burr’s motion for reconsideration is that he wants to submit and have the Court consider limited additional evidence that Burr had in his possession long before the Court issued its summary judgment decision. This is not a proper basis for seeking reconsideration. The Court will exercise its discretion to deny Burr’s motion without considering additional evidence that Burr could have submitted with his summary judgment papers last year.
“A motion for reconsideration ‘should specify (1) “changed circumstances” such as (a) newly discovered evidence or information, or (b) a development of relevant law; or (2) a particular and demonstrable error in the original ruling or decision.’ ” Blake v. Hometown America Communities, Inc., 486 Mass. 268, 278
 
--------------------------------------------
 
[1]        Gerhardt and Seaverns agreed to waive their other claims, and the Court previously dismissed the counterclaims against Gerhardt.
 
                                                            -1-
 
(2020), quoting Audubon Hill South Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012); accord Superior Court Rule 9D.
Court hearings on significant motions are not “dry runs” or “dress rehearsals;” losing parties are not entitled to “do-overs” where they present additional evidence or arguments that they could have, but failed to, present the first time around. Cf. Commonwealth v. Pagan, 73 Mass. App. Ct. 369, 375 (2008).
“Where there has been no change of circumstances,” as in this case, “a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided.” Town of Dartmouth v. Greater New Bedford Regional Vocational Technical High School District, 461 Mass. 366, 368 n.4 (2012), quoting Peterson v. Hopson, 306 Mass. 597, 599 (1940). Therefore, in the exercise of its discretion, the Court declines to reconsider its prior decision. See Powell v. Stevens, 69 Mass. App. Ct. 87, 92 & n.8 (2007) (judge has “broad discretion” not to reconsider prior rulings).
In his motion for reconsideration, Burr asks the Court to consider an errata sheet to Kerri Burr’s deposition testimony and other testimony by Ms. Burr that was allegedly not included in the summary judgment record. Kerri Burr is Robert Burr’s spouse. The errata sheet is dated November 13, 2023. It relates to the transcript of a deposition taken on September 13, 2023. Burr had this evidence in his possession when he served his own summary judgment motion in January 2024, and when Burr served his opposition to the Plaintiffs’ motion for partial summary judgment in February 2024.
None of this is “newly discovered evidence that could not be discovered through the exercise of due diligence before the original motion was filed,” which is what would be needed justify a motion for reconsideration based on the presentation of more evidence. See Superior Court Rule 9D. Instead, all of this material was in Burr’s possession before he served his summary judgment memoranda and supporting papers.
Burr waived his right to present this additional evidence by failing to offer it before the Court decided the summary judgment motions. See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 312 (2009) (affirming trial court’s ruling that argument raised for the first time in a motion for reconsideration had been waived); Liberty Square Development Trust v. City of Worcester, 441 Mass. 605, 611 (2004) (judge is not required to entertain party’s “belated efforts” to present an
 
                                                            -2-
 
“expanded factual basis” for failed legal arguments through a motion for reconsideration, absent a showing that the additional evidence “could not have been presented as part of the original motion”).
That Burr is disappointed with the Court’s prior decision, and now wants to submit additional evidence that he could have but failed to present before the Court granted partial summary judgment as to liability, is not a valid basis for seeking reconsideration. Id.; see also, e.g., Holloway v. Madison Trinity Ltd. Partnership, 95 Mass. App. Ct. 628, 634 n.7 (2019) (no abuse of discretion in declining to reopen summary judgment record and denying motion for reconsideration based on additional evidence available to party well before court issued prior decision); Asian Amer. Civic Ass’n v. Chinese Consol. Benev. Ass’n of New England, 43 Mass. App. Ct. 145, 152 (1997) (affidavit from previously available witness, prepared and submitted as “an afterthought stimulated by the judge’s memorandum of decision,” not proper ground for seeking reconsideration).
Since Burr presents “no evidence or argument that could not have been presented prior to summary judgment,” and instead “merely seeks … a second bite at the apple,” the Court declines to reconsider its prior decision. See Blake, 486 Mass. at 278 (affirming denial of reconsideration), quoting Liberty Square Development, 441 Mass. at 611 (same).
ORDER
Robert Burr’s motion asking the Court to “reevaluate,” i.e. reconsider, its prior decision on the parties’ motions for summary judgment is denied.